**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-50167
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS ZUNIGA-MENDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2131-1

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Luis Zuniga-Mendez appeals the 46-month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the sentence was greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a) and was therefore substantively unreasonable. Specifically, Zuniga-Mendez argues that the Guidelines overstated the seriousness of his non-violent illegal reentry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense and failed to account for his benign motives for returning to the United States.

This court reviews the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

Zuniga-Mendez contends that the presumption of reasonableness should not apply to sentences calculated under U.S.S.G. § 2L1.2 because that provision lacks an empirical basis and double counts a defendant's criminal history. As he acknowledges, his argument is foreclosed by circuit precedent. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

The district court considered Zuniga-Mendez's request for a downward variance, and it ultimately determined that a sentence at the bottom of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. Zuniga-Mendez's assertions that the non-violent nature of his offense and his motive for reentering the United States justified a lower sentence are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). As Zuniga-Mendez has not demonstrated that the district court's imposition of a sentence at the bottom of the guidelines range was an abuse of discretion, the district court's judgment is AFFIRMED.